UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
    :
FLORENCE BELLA,    :
    :
                         Plaintiff,    :
    :    23-cv-1613 (VSB)
              - against -    :
    :    **OPINION & ORDER**
    :
WILTON REASSURANCE LIFE OF NEW    :
YORK,    :
    :
                       Defendant.    :
    :
----------------------------------------------------------X

Appearances:

Steven Gerald Sklaver (Los Angeles, CA)
Glenn Charles Bridgman (Los Angeles, CA)
Monica Daegele (Los Angeles, CA)
Nicholas N. Spear (Los Angeles, CA)
Rohit Nath (Los Angeles, CA)
Ryan Christopher Kirkpatrick (New York, NY)
Susman Godfrey LLP
*Counsel for Plaintiff*

Carl C. Scherz (Dallas, TX)
Matthew K Hansen (Dallas, TX)
Taylor Levesque (Dallas, TX)
Jeffrey Steven Kramer (New York, NY)
Locke Lord LLP
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Before me is the letter motion of Defendant Wilton Reassurance Life of New York ("Wilton" or "Defendant") to file one exhibit to Wilton's motion to dismiss filed on May 30, 2023 ("Motion to Dismiss") in redacted form. (Doc. 23, "Motion to Seal.") Also before me is the letter motion to partially seal Plaintiff's opposition to the Motion to Dismiss at Defendant's

request.  (Doc. 29.)  For the reasons set forth below, the motions are GRANTED.

I.     **Background and Procedural History**

Plaintiff Florence Bella ("Bella") initiated this action on February 27, 2023 by filing a complaint.  (Doc. 1, the "Complaint.")  In the Complaint, Plaintiff raises a claim for breach of contract alleging that Defendant violated her policy and that of other life insurance policy holders by overcharging them.  (Doc. 1.)  On May 30, 2023, Defendant filed the Motion to Dismiss, (Doc. 20), along with a memorandum of law, (Doc. 21), a declaration in support, (Doc. 22), and the Motion to Seal, (Doc. 23).  On July 18, 2023, Plaintiff filed an opposition to the Motion to Dismiss partially under seal.  (Docs. 30–31.)  Plaintiff explained that they "take no position as to whether redactions or sealing are appropriate" but filed the document under seal at Defendant's request.  (Doc. 29.)  On July 21, 2023, Defendant filed a letter providing justification for the need to maintain the redactions to certain portions of Plaintiff's opposition.  (Doc. 34.)

A.     *Legal Standard*

There is a presumption of public access to judicial documents under both the common law and the First Amendment.  *Haider v. Geller & Co*. LLC, 457 F. Supp. 3d 424, 426 (S.D.N.Y. 2020); *see also Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978) (common-law right of access to judicial documents); *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 3 (1986) (First Amendment right of access to preliminary hearings).  The Second Circuit has recognized both of these rights with respect to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

In order to determine whether sealing is appropriate under the law, a Court must first determine whether the document at issue is considered a judicial document "relevant to the

performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  If the document is in fact a judicial document, "[f]ederal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013).  First, the Court must determine the weight of the common law presumption of public access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" and then "balance the competing considerations" against the presumption of access.  *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*")).  "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id* at 120.  Under the First Amendment analysis, the Court must assess whether "public access plays a significant positive role in the functioning of the particular process in question." *Id.* (quoting *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)).  Even if a qualified First Amendment right of public access exists, the Court must determine whether sealing is still appropriate to "preserve higher values" if "narrowly tailored to serve that interest." *Id*. (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (internal quotation marks omitted.)

      The strength of the presumption of public access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, 71 F.3d at 1048.  The presumption is "at its zenith" where documents "directly affect an adjudication, or are used to

3

determine litigants' substantive legal rights," and is at its weakest where a document is neither used by the Court nor "presented to the court to invoke its powers or affect its decisions." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (internal quotation marks and citation omitted).

### B. *Discussion*

First, I must determine whether the document that Defendant seeks to seal is a judicial document such that the presumption of public access applies. I find that it is not. The document which Defendant seeks to remain under seal (the "Document") "is an Actuarial Memorandum filed with the State of New York's Insurance Department by Wilton's predecessor, North American Company for Life and Health Insurance of New York." (Doc. 23 at 1.) "The mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019) (cleaned up). An item is considered a judicial document if it is filed on the docket and "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. "[D]ocuments attached to a motion to dismiss under Rule 12(b)(6) are not 'judicial documents' if they may not be properly considered by the court in resolving the motion." *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 07 CIV. 10470, 2013 WL 3531600, at *2 (S.D.N.Y. July 12, 2013). At the motion to dismiss stage, the district court is limited to the allegations in the complaint. *Nunes v. Cable News Network, Inc.*, 31 F.4th 135, 142 (2d Cir. 2022). Defendant asserts that the Document "is properly considered because it is identified and referenced in the Policy contract at issue as part of its contractual terms and is a legal document that related to and details Wilton's 'obligations' under the contract." (Doc. 21 at 11.) However, as Plaintiff notes, the Document "was not endorsed upon nor attached to the

Policy; and it was never provided to Plaintiff nor referenced or quoted in the Complaint." (Doc. 30 at 5.)  The Document in question was filed on the docket as an exhibit to Defendant's Motion to Dismiss; however, it is not referenced in the Complaint, (*see* Doc. 1), and there is no evidence that Plaintiff had prior possession or knowledge of the Document, (Doc. 30 at 20).  Because the Document can and will not be considered in connection with Defendant's Motion to Dismiss, it is not a judicial document.  Accordingly, I shall permit the exhibit at issue to remain under seal at this time.[1]

## II.     Conclusion

For the reasons stated above, Defendant's and Plaintiff's motions to seal are GRANTED. The Clerk of Court is respectfully directed to close the open motion at Docs. 23 and 29.

SO ORDERED.

Dated:     October 27, 2023
           New York, New York

VERNON S. BRODERICK
United States District Judge

---

[1] However, I note that if this matter survives the motion to dismiss stage and Defendant later seeks to use the Document at summary judgment, it is unlikely that it will be permitted to remain under seal.  "[T]he presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion, such as a motion for summary judgment."  *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2023 WL 3477552, at *1 (S.D.N.Y. May 16, 2023).  Wilton maintains that the redactions are "narrowly tailored" to protect confidential business information and proprietary insurance administration and development strategies.  (Doc. 23 at 1.)  Although Defendant claims that the redactions are "narrowly tailored," I disagree.  Approximately 11 of the Document's 12 pages are redacted.  (*See* Doc. 24-1.)  Further, the Document is dated April 14, 1989, which suggests that the material in that document is no longer material to Defendant's business.  Courts frequently deny motions to seal documents that are far less stale.  *See Saint-Jean v. Emigrant Mortg. Co.*, No. 11-CV-2122 (SJ), 2016 WL 11430775, at *7 (E.D.N.Y. May 24, 2016) (information from eight years earlier concerning mostly discontinued practices does not support sealing); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 256 (S.D.N.Y. 2009) (denying motion to seal seven- to fourteen-year-old business records).