**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FLORENCE BELLA, as trustee of the
Yismach Lev 1 Trust, on behalf of herself
and all others similarly situated,

                                              Plaintiff,

v.                                                       Case No. 1:23-cv-01613 (VSB) (OTW)

WILTON REASSURANCE LIFE OF
NEW YORK,

                                              Defendant.

---

## STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including the parties' in-house counsel and current and past employees, agents, consultants, representatives, officers, and directors;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Prospective fact witnesses; and

    e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Before disclosing or displaying the Confidential Information to any experts, consultants, and witnesses, except for current employees and former employees (who were previously authors or recipients of the Confidential Information), counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such expert, consultant, or witness, except for current employees and former employees (who were previously authors or recipients of the Confidential Information), to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential. The providing of documents pursuant to Paragraphs 4-5 above, satisfies this requirement.

8. Pursuant to Federal Rule of Civil Procedure 502(d), it is ORDERED:

    a. The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall

      be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    b. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    c. Upon later identification of production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, the Producing Party shall provide the Receiving Party written notification identifying the document or information that has been disclosed and stating the privilege under which the document or information is allegedly protected, and update its privilege log for the item. Upon receipt of such written notification, the Receiving Party shall, within twenty (20) business days, promptly comply with the request and return or destroy such documents. The return of disclosed documents pursuant to this paragraph shall not prevent any Party from asserting specific objections to any claims of privilege regarding such documents. The Receiving Party must provide a certification that the information has been returned or destroyed. If the Receiving Party distributed the information before receiving written notice from the Disclosing Party, the receiving party must take reasonable steps to retrieve the information and to prevent further distribution or use of the information until the claim is resolved. If the parties disagree about the claim of privilege or protection, the parties must meet and confer to resolve the dispute. If the dispute is not resolved, within 14 days of the meet and confer, either party can submit the disclosed information, to the Court for a determination of whether it is subject to privilege or if there has been a waiver of privilege or protection. The information must be filed under seal or *in camera*. Pending resolution of the dispute, the Receiving Party must not use the identified information or disclose it to any person.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED.**

Dated: September 8, 2025

| | |
|---|---|
| */s/ Jeffrey S. Kramer* | */s/ Scott Glass* |
| Jeffrey S. Kramer | Seth Ard |
| **TROUTMAN PEPPER LOCKE LLP** | Ryan C. Kirkpatrick |
| | Scott Glass |
| 875 Third Avenue | **SUSMAN GODFREY L.L.P.** |
| New York, NY 10022 | One Manhattan West, 50th Floor, |
| Telephone: (646) 217-7722 | New York, New York 10001 |
| jeffrey.kramer@troutman.com | Telephone: 212-336-8330 |
| | Facsimile: 212-336-8340 |
| Carl C. Scherz (admitted *pro hac vice*) | sard@susmangodfrey.com |
| Matthew K. Hansen (admitted *pro hac vice*) | rkirkpatrick@susmangodfrey.com |
| M. Taylor Levesque (admitted *pro hac vice*) | sglass@susmangodfrey.com |
| **TROUTMAN PEPPER LOCKE LLP** | |
| 2200 Ross Avenue, Suite 2800 | Steven G. Sklaver (*Pro Hac Vice*) |
| Dallas, Texas 75201 | Glenn C. Bridgman (*Pro Hac Vice*) |
| Telephone: (214) 740-8000 | Nicholas N. Spear (*Pro Hac Vice*) |
| matthew.hansen@troutman.com | Rohit D. Nath (*Pro Hac Vice*) |
| taylor.levesque@troutman.com | **SUSMAN GODFREY L.L.P.** |
| | 1900 Avenue of the Stars, Suite 1400 |
| **ATTORNEYS FOR WILTON** | Los Angeles, California 90067-6029 |
| **REASSURANCE LIFE OF NEW YORK** | Telephone: 310-789-3100 |
| | Facsimile: 310-789-3150 |
| | ssklaver@susmangodfrey.com |
| | gbridgman@susmangodfrey.com |
| | nspear@susmangodfrey.com |
| | rnath@susmangodfrey.com |
| | |
| | **ATTORNEYS FOR PLAINTIFF FLORENCE BELLA, AS TRUSTEE OF THE YISMACH LEV 1 TRUST** |

**SO ORDERED.**

_____
**Ona T. Wang**
United States Magistrate Judge

Dated:     New York, New York

September 29, 2025

**STIPULATION AND PROPOSED PROTECTIVE ORDER**                                   1